IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 14-00156-CB |
| | * |
| JEANNE E. SANBORN | * |

## PLEA AGREEMENT

The defendant, **JEANNE E. SANBORN**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands her rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in her defense; and

    e. To not be compelled to incriminate herself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Counts One and Two of the Information, charging a violation of Title 18, United States Code, Section 1341 – mail fraud and Title 18, United States Code, Section 1519 – falsification of documents in bankruptcy.

Rev. 8/13

3. The defendant understands that the statements she makes under oath in the plea of guilty must be completely truthful and that she can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements she makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon her statements here and his response to any questions that she may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. She is certain that she is in full possession of her senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. She has discussed the facts of the case with her attorney, and her attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against her. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of her offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and her counsel have discussed possible defenses to the charge. The defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice of her attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and

correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and her counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because she is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Counts One and Two of the Indictment are:

   a. Twenty (20) years imprisonment;

   b. A fine not to exceed $250,000.00;

   c. A term of supervised release of three (3) years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

   d. A mandatory special assessment of $100.00; and

   e. Such restitution as may be ordered by the Court.

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with her attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that she will not be allowed to withdraw her guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

16.  The defendant agrees to tender $200.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17.  Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution as to all relevant conduct regardless of whether it relates to the count of conviction.

## FINANCIAL OBLIGATIONS

18.  The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

19.  The United States will not bring any additional charges against the defendant related to the facts underlying the Information and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case. This agreement is limited to the United States Attorney's Office for the Southern

District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

20. The United States will recommend to the Court that the defendant be sentenced at the low end of the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

21. As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge her guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a. **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1) any sentence imposed in excess of the statutory maximum;

      (2) any sentence which constitutes an upward departure or variance from the advisory guideline range.

   The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

22. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

23. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

24. If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

25. The defendant understands that if she breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that she might have under the Sixth Amendment and/or Speedy Trial Act.

26. In addition, if the defendant is released from detention prior to sentencing, she understands that the United States will no longer be bound by this agreement if he violates any condition of her release prior to sentencing or prior to serving her sentence after it is imposed.

## ENTIRETY OF AGREEMENT

27. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: March 17, 2015

GEORGE F. MAY
Assistant United States Attorney

Date: 3/17/15

VICKI M. DAVIS
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 3-19-2015

JEANNE E. SANBORN
Defendant

8

Rev. 8/13

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 3/19/2015

FREDERICK GEORGE HELMSING
Attorney for Defendant

Rev. 8/13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 14-00206-CG |
| | * | |
| JEANNE E. SANBORN | * | |

## FACTUAL RESUME

The defendant, **JEANNE E. SANBORN**, admits the allegation of Count One of the Indictment.

## ELEMENTS OF THE OFFENSES

**JEANNE E. SANBORN** understands that in order to prove violation of Title 18, United States Code, Section 1341, as charged in Count One of the Information, the United States must prove:

1. The defendant devised or intended to devise a scheme or artifice to defraud, or to obtain money or property by means of false or fraudulent pretenses, representations or promises, and

2. For the purpose of executing the scheme or artifice or attempting to do so, the defendant

3. a. placed in an authorized depository for mail matter any matter or thing to be sent or delivered by the Postal Service or commercial carrier, or:

   b. deposited or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or:

   c. took or received therefrom, any such matter or thing, or;

Rev. 8/13

1

d. knowingly caused to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing

**JEANNE E. SANBORN** understands that in order to prove a violation of Title 18, United States Code, Section 1519, as charged in Count 2 of the Information, the United States must prove

1. That the defendant did falsify or make a false entry in a document;

2. That the defendant did so with the intent to impede, obstruct or influence the investigation or proper administration of a bankruptcy case;

3. That the defendant did so knowingly.

## OFFENSE CONDUCT

Defendant, **JEANNE E. SANBORN**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **JEANNE E. SANBORN'S** plea of guilty. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

The defendant executed a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses from State Farm Insurance. Specifically, the defendant falsely claimed to be entitled to monies under her State Farm Insurance policy for a fire that occurred at the defendant's business, the Complete Skin Care Center, located at 3404 Old Shell Road in

Mobile, Alabama. As a result of the defendant's false and fraudulent claim, State Farm Insurance paid out approximately $490,495.27 due to the fire.

In fact, the defendant maliciously started the fire at her business through her own actions whereby the defendant started the fire in a trash can in her business. In starting the fire the defendant acted intentionally or with willful disregard of the fact that a fire would occur through her actions. The fire the defendant started resulted in significant damage to the building as well as the destruction of personal property in the building, thereby causing State Farm Insurance to pay out approximately $490,495.27 due to the fire.

The defendant's claim for monies to State Farm Insurance was false and fraudulent because the defendant knew that she started the fire intentionally or with willful disregard of the fact that a fire would occur through her actions. As such, the defendant knew she not entitled to the monies from State Farm when she made her claim. Nevertheless, the defendant still made the false and fraudulent claim for the monies from State Farm Insurance.

In furtherance of the aforesaid scheme to defraud, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly caused to be delivered by United States mail numerous mailings, to include a letter written by State Farm Insurance, dated February 9, 2009, and placed in the United States Mails and mailed to the defendant at The Complete Skin Care Center located at 3604 Old Shell Road in Mobile, Alabama. In this mailing the defendant caused a check for $4,979.90 to be mailed to her by State Farm insurance that was only mailed to the defendant due to the defendant's false and fraudulent insurance claim to State Farm Insurance.

3

Rev. 8/13

\The defendant expressly agrees to a loss amount of $352,443.27 pursuant to U.S.S.G. § 2B1.1 (b)(1). However the defendant reserves the right to contest any loss amount above this amount at sentencing. The United States submits that the entire amount paid out by State Farm due to the defendant's fraudulent claim, $490,495.27, is the loss amount pursuant to U.S.S.G. § 2B1.1 (b)(1).

In consideration of concessions the defendant has received due to this plea agreement, the defendant expressly agrees to waive any issues related to the Statute of Limitations for her Mail Fraud offense.

The defendant **JEANNE E. SANBORN** executed a petition to institute Bankruptcy Case No. 14-02260, *In re Sanborn*, in the United States Bankruptcy Court for the Southern District of Alabama. On or about July 25, 2014, in that bankruptcy case and with the intent to impede, obstruct or influence the investigation or proper administration of a bankruptcy case, **JEANNE E. SANBORN**, did knowingly conceal, cover up, falsify and make a false entry in a document, as follows:

In answer to Question 13 of the schedules, which asked about her interests in stock and interests in incorporated and unincorporated businesses, the defendant only stated that she had had an interest in "Complete Skin Care Center, Inc., - ceased doing business in 2013". In answer to Question 12 of the schedules, which asked the defendant about her interest in IRAs or other pension or profit sharing plans, the defendant falsely answered that she had none. In truth and in fact the defendant had financial interests in investment securities and an inherited retirement account. Further, in answer to Question 2 of the Statement of Financial Affairs, which asked the defendant about her income from sources other than employment or the operation of Debtor's

business in the years 2012, 2013 and 2014 up to July 15, 2014, the defendant answered by checking the box for "NONE", when in fact the defendant had income of some $52,242 from an IRA distribution in 2012.

In answering the questions set forth above the defendant knew her answers were in fact false and she acted knowingly to conceal, cover up, falsify and make a false entry in the bankruptcy documents.

Respectfully submitted,

AGREED TO AND SIGNED.

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: _____March 17, 2015_____

GEORGE F. MAY
Assistant United States Attorney

Date: _3/17/15_

VICKI M. DAVIS
Assistant United States Attorney
Chief, Criminal Division

Date: _3-19-2015_

JEANNE E. SANBORN
Defendant

Date: _3/19/2015_

FREDERICK GEORGE HELMSING
Attorney for Defendant

5

Rev. 8/13