UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO.: 14-00156-CB |
| JEANNE E. SANBORN | : |

DEFENDANT'S RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jeanne Sanborn ("Sanborn"), hereby responds in opposition to the Sentencing Memorandum filed by the United States in this case. (ECF No. 67). The position urged by the government should be rejected and Ms. Sanborn should be sentence to probation.

I.  **Ms. Sanborn is Entitled to a Reduction in her Offense Level for Acceptance of Responsibility.**

Ms. Sanborn accepted responsibility for the crimes to which she plead guilty, and the government's contention to the contrary is without merit. She fully and completely acknowledged her guilt before this Court as part of her guilty plea hearing. Again, when being interviewed by United States Probation Office in connection with the preparation of the Presentence Investigation Report ("PSR"), Ms. Sanborn accepted responsibility. (ECF No. 61, ¶¶ 16-18). The Probation Officer determined that she was entitled to a reduction in her offense level due to this acceptance of responsibility. That determination should stand.

Furthermore, the e-mail exchange offered by the government in support of its position does not establish what the government contends. Ms. Sanborn does not state that she is not guilty of the crimes to which she plead guilty. To the contrary, she is merely trying to explain to someone she considered to be a friend why she did what she did. She was also trying to address some perceived confusion over whether she had plead guilty to arson as initially set forth in the

Indictment. She has at all times acknowledged her guilt before this Court and in the public. As such, she is entitled to the reduction in her offense level for acceptance of responsibility.

### II. Ms. Sanborn Objects to the Government calling Any Witnesses at the Sentencing Hearing.

The government has stated that it intends to call a total of eleven witness at a sentencing hearing where there is a plea agreement calling for a low end of the advisory Sentencing Guideline Range. This is virtually unheard of. There are no facts at issue before the Court which require the government to put on any proof. This is not an example of a sentencing hearing where the drug quantity at issue is in dispute. As described in her sentencing memorandum, Ms. Sanborn does not dispute the loss calculation as reflected by the total amount paid by State Farm in connection with this fire. She does dispute that the amount – $490,495.27 – is an accurate representation of her criminal culpability. That issue is one of argument by counsel before the Court. It is not one which requires the government to put on proof of any kind.

Likewise, the expected testimony from the other witnesses identified in the government's Sentencing Memorandum is irrelevant and should be excluded by the Court. This is not a case where the government seeks to establish relevant conduct for the purpose of enlarging a sentence. Those issues are not present here. Instead, the government merely wants to call these various witnesses to attempt to destroy Ms. Sanborn's good character and to presumably present factual testimony surrounding the fire which is not at issue before the Court.

Furthermore, there is no reason to allow the government to call the fire investigators who were involved in the prosecution of this case to testify at the sentencing hearing as to the fire itself. Ms. Sanborn did not plead guilty to arson. Thus, the facts and circumstances surrounding the fire are irrelevant. Even if Ms. Sanborn had plead guilty to arson, the fact that she has already plead guilty removes any need to present testimony or other evidence concerning the crime to which she

was convicted. In other words, what is the point of the Plea Agreement if the government is then allowed to present its case (that presumably it would have presented at trial) at the sentencing hearing. To allow the government to call any of the witnesses it has indicated it intends to call is patently unfair to Ms. Sanborn.

The same is true for the various witnesses the government apparently intends to call to demonstrate that Ms. Sanborn is a bad person. The testimony from those witnesses is irrelevant, cumulative and unduly prejudicial. As such, the Court should exclude these witnesses in their entirety. In the event the Court is inclined to consider such testimony, it has already been presented via the government's Sentencing Memorandum thereby removing the need for calling any witnesses at trial.

Respectfully submitted,

/s/ Frederick G. Helmsing, Jr.
FREDERICK G. HELMSING, JR. (HELM 3421)
Attorney for Defendant Jeanne Sanborn

**OF COUNSEL:**

McDOWELL KNIGHT ROEDDER
   & SLEDGE, L.L.C.
Post Office Box 350
Mobile, AL 36601
Phone: 251-432-5300
Fax: 251-432-5303

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 28th day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice of this electronic filing to all parties of record in this matter.

                 <u>s/ Frederick G. Helmsing, Jr.</u>